IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

TRIBAL COUNCIL OF THE )
CHEYENNE AND ARAPAHO )
TRIBES OF OKLAHOMA, et al. )
                                        )
        Plaintiffs, )
                                        )
vs. )   Case No. CIV-17-01048-PRW
                                        )
BRIAN FOSTER, et al., )
                                        )
        Defendants. )

## ORDER

Before the Court is Defendant Eddie Hamilton's Motion for Sanctions against Plaintiffs and Plaintiffs' counsel filed December 28, 2017.[1] On January 11, 2018, Plaintiffs filed a response,[2] and on January 18, 2018, Defendant filed a reply.[3]

Defendant requests that the Court impose sanctions upon Plaintiffs and Plaintiffs' counsel based on alleged violations of Fed. R. Civ. P. 11 and 28 U.S.C. § 1927, and pursuant to the Court's inherent authority. Defendant has failed to establish that such sanctions are appropriate.

First, Rule 11 sanctions are inappropriate because Defendant did not comply with Rule 11's "safe harbor" provision.[4] That provision "requires a copy of the *actual motion for sanctions* to be served on the person(s) accused of sanctionable behavior at least twenty-one days prior to the filing of *that motion*."[5]

---

[1] Dkt. 13.
[2] Dkt. 17.
[3] Dkt. 18.
[4] Fed. R. Civ. P. 11(c)(1)(A).
[5] *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006) (emphasis added).

Defendant delivered a *draft* of the Motion for Sanctions to Plaintiffs' counsel on December 6, 2018, but not the actual to-be-filed motion. Indeed, the Motion for Sanctions that was subsequently filed on December 28, 2017, is substantially different from the draft that was served on Plaintiffs' counsel. Thus, the *actual* Motion for Sanctions to-be-filed with the Court was not served on Plaintiff and Plaintiffs' counsel twenty-one days prior to filing.

Defendant argues that this failure should be overlooked because the Motion for Sanctions "contains no substantive changes when compared to the draft" that was served.[6] Substantial compliance, however, is not sufficient in this circuit.[7] This is so because Rule 11 requires that "the motion must be served under Rule 5," and makes no allowance for service of a draft. Counsel who served a draft of their summary judgment motion on opposing counsel after filing a different final version would undoubtedly *not* be in compliance with Rule 5. A party who, in the Rule 11 context, serves a draft on opposing counsel but then files a different document is likewise not in compliance with Rule 5. This being so, Rule 11's requirement that "the motion must be served under Rule 5" was not satisfied.[8]

Even without this deficiency in service, Defendant's motion does not establish that sanctions are appropriate. Defendant contends Rule 11 was violated by Plaintiffs and Plaintiffs'

---

[6] Dkt. 18 p. 9.

[7] *See Roth,* 466 F.3d at 1193 (rejecting the Seventh Circuit's substantial compliance exception to Rule 11's safe harbor rule as "unpersuasive" and based on "no authority"); *see also Rauch v. Sutphin*, No. 05CV02429 REBBNB, 2007 WL 1033446, at *1 (D. Colo. Apr. 3, 2007) ("[T]here is no 'substantial compliance' exception to the safe harbor requirement in this circuit. The Tenth Circuit has specifically rejected such a reading of Rule 11 . . . .").

[8] This conclusion is consonant with the purposes of Rule 11's safe harbor provision, which are to protect litigants from the harsh imposition of sanctions, ensure the accused is afforded due process, and encourage the withdrawal of sanctionable pleadings without the involvement of the Court. *See Roth,* 466 F.3d at 1192 (citing 5A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1337.2, at 722 (3d ed.2004)). Here, Plaintiffs dismissed their case eleven days after the filing of the Motion for Sanctions. Dkt. 16.

counsel in that (1) the factual contentions contained in the Complaint lack evidentiary support, (2) the legal contentions and requested relief are not supported by law, and (3) the Complaint was filed for an improper purpose.[9] The first and third of these contentions are predicated on facts that are not part of the record, while the second is a legal disagreement that is not so one-sided so as to warrant sanctions.

For the same reason, sanctions against Plaintiffs' counsel are not justified under 28 U.S.C. § 1927. This statute allows the Court to require an attorney who unreasonably or vexatiously multiplies proceedings in a case to pay certain costs, expenses, and attorney's fees caused by his or her conduct.[10] Defendant argues that Plaintiffs' failure to dismiss the action as to Defendant upon notification "that the claims . . . are meritless and run afoul of Rule 11" "unreasonably and vexatiously multiplied these proceedings and warrants sanctions under § 1927."[11] Section 1927 sets out "an extreme standard" and "a court should make such an award only in instances evidencing a serious and standard disregard for the orderly process of justice."[12] Defendant's motion does not establish that the conduct of Plaintiffs and their counsel rise to such a level. The action was, after all, voluntarily dismissed on January 8, 2018, shortly after the Motion for Sanctions was filed. Sanctions against Plaintiffs' counsel are not warranted under Section 1927.

Lastly, sanctions are inappropriate pursuant to the Court's inherent authority to discretionarily impose sanctions for bad faith conduct.[13] The gist of Defendant's argument for sanctions on this basis is that alleged violations of Rule 11 and Section 1927 demonstrate bad faith and abuse of process sufficient to warrant sanctions. Given that the Court has concluded that

---

[9] Dkt. 13 p. 2.
[10] 28 U.S.C. § 1927.
[11] Dkt. 18 p. 23.
[12] *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) (internal quotations omitted).
[13] *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, 111 S. Ct. 2123, 2135, 115 L. Ed. 2d 27 (1991).

Defendant has not established that either Rule 11 or Section 1927 sanctions are appropriate, Defendant's inherent authority argument must therefore also fail.

Accordingly, Defendant's Motion for Sanctions is **DENIED**.

**IT IS SO ORDERED** this 24th day of April, 2019.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE